FILED

2016 Nov-21  PM 03:37
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| KEION RASPBERRY and ROSALIND RASPBERRY, Individually and as the Mother and Natural Friend of Ka. R., a Minor, and Kr. R., a Minor, ) ) ) ) ) ) | |
| Plaintiffs, ) | Case No. 2:16-cv-01187-JEO |
| ) | |
| v. ) | |
| ) | |
| A.L. SMITH TRUCKING, INC., and MATT MAZINGO, ) ) ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This case is before the court on the Plaintiffs' motion to remand the case to the Circuit Court of Jefferson County, Alabama. (Doc. 3).  The motion includes a request for an award of attorney's fees, costs, and expenses incurred as a result of the removal.  The Defendants have filed a response in opposition to the motion to remand (doc. 7) and the Plaintiffs have replied (doc. 8).  For the reasons that follow, the court will grant the Plaintiffs' motion to remand but deny their request for fees, costs, and expenses.

### PROCEDURAL HISTORY

Plaintiffs Rosalind Raspberry, Keion Raspberry, Ka. R. (a minor), and Kr. R. (a minor) filed this action in the Circuit Court of Jefferson County, Alabama.

(Doc. 1-1).  In their complaint, the Plaintiffs allege that they were injured in a motor vehicle accident allegedly caused by Defendant Matt Mazingo.  They allege that Rosalind Raspberry was driving an automobile in which the other three Plaintiffs were passengers, and that Mazingo, who was driving a tractor-trailer, turned right in the direct path of Rosalind Raspberry's vehicle, causing her to swerve, lose control of the vehicle, and strike a pole. (*Id.* at ¶¶ 7-8).  The Plaintiffs have asserted claims against Mazingo for negligence and wantonness and a claim against his employer, Defendant A.L. Smith Trucking, Inc., for negligent hiring, training, and supervision.  In the complaint, each Plaintiff identifies the specific physical injuries that he or she allegedly suffered in the accident. (*Id.* at ¶¶ 25-28). Each Plaintiff also alleges pain and suffering, loss of enjoyment of life, and mental anguish. (*Id.*)  None of the Plaintiffs, however, makes a demand for a specified amount of damages.  Rather, the Plaintiffs as a group "demand judgment against [the] Defendants for compensatory and punitive damages to be determined by the enlightened conscience of the jury." (*Id.* at 7).

The Defendants removed the case to this court. (Doc. 1).  In their notice of removal, the Defendants assert that this court has diversity jurisdiction over the case pursuant to 28 U.S.C. § 1332.  They assert that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  With respect to the amount in

controversy, the Defendants assert that it is "facially apparent from the Complaint that the damages sought exceed the jurisdictional minimum because Plaintiff[s] [are] seeking recovery for … compensatory damages for permanent injuries to [their] neck, back, nerves, muscles and ligaments of [the] neck, shoulders and spine." (Doc. 1 at ¶ 9)  The Defendants also note that the Plaintiffs "seek an award for physical pain and mental anguish, and for loss of enjoyment of life," as well as punitive damages. (*Id.*)

Following removal, the Plaintiffs filed the instant motion to remand. (Doc. 3).   Although the Plaintiffs do not dispute that there is complete diversity of citizenship between the parties, they argue that the Defendants have failed to establish that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  The Plaintiffs note that their complaint "is silent as to the amount of their damages" and argue that there is "no evidence … by which to make an informed assessment of the amount in controversy." (*Id.* at 7).  They further argue that the Defendants have not offered "any evidence to show … that punitive damages, when combined with the specific damages sought in the Complaint, would be in excess of the jurisdictional requirement of $75,000." (*Id.* at 10).  They also argue that their respective claims cannot be aggregated to reach the jurisdictional threshold. (*Id.* at 12-14).

The Defendants oppose the motion to remand. (Doc. 7). In their opposition, the Defendants again assert that it is "facially apparent from looking at the Complaint of the four Plaintiffs that their claims meet the jurisdictional minimum." (*Id.* at 2). They argue that because "all four of the Plaintiffs' claims arise out of a single occurrence" and because "Alabama recognizes joint and several liability," the claims of all four Plaintiffs against both Defendants should be added together to determine if the jurisdictional requirement is met. (*Id.* at 3-4). The Defendants argue that when the claims of all four Plaintiffs against both Defendants are combined, "common sense dictates that the jurisdictional minimum is met." (*Id.* at 4). They further argue that "if the four Plaintiffs prevail on their claims for punitive damages, the award would easily exceed 75,000." (*Id.* at 8).

## DISCUSSION

### A.   Legal Standards

"A removing defendant bears the burden of proving proper federal jurisdiction." *Leonard v. Enterprise Rent A Car*, 279 F.3d 967, 972 (11th Cir. 2002). Where a plaintiff makes "'an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the … jurisdictional requirement.'" *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (quoting *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir.

1996)).  If the removing defendant alleges that removability "is apparent from the face of the complaint," as the Defendants do here, "the district court must evaluate whether the complaint itself satisfies the defendant's burden." *Id.* The district court is permitted to make "'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable." *Id.* at 1061-62 (quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010)).  The court may use its "judicial experience and common sense in determining whether the case stated in [the] complaint meets federal jurisdictional requirements." *Id.* at 1062.  As part of the court's evaluation, a demand for "punitive damages must be considered … unless it is apparent to a legal certainty that such cannot be recovered." *Holley Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987) (internal citations omitted).

When multiple plaintiffs assert claims in a single complaint, as is the case here, the general rule is that "if no single plaintiff's claim satisfies the requisite amount in controversy, there can be no diversity jurisdiction." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1262 (11th Cir. 2000); *Lowery v. Alabama. Power Co.*, 483 F.3d 1184, 1198 n.31 (11th Cir. 2007) ("Section 1322(a)'s amount in controversy requirement does not allow the claims of multiple plaintiffs to be aggregated to reach the jurisdictional threshold, … and the claims of at least one of

the individual plaintiffs must exceed the amount in controversy threshold for the court to assert jurisdiction." (citations omitted)).  "However, there are situations in which multiple plaintiffs have a unified, indivisible interest in some common fund that is the object of litigation, permitting them to add together, or 'aggregate,' their individual stakes to reach the amount in controversy threshold." *Morrison*, 228 F.3d at 1262; *see Zahn v. Int'l Paper Co.*, 414 U.S. 291, 294 (1973) ("[W]hen several plaintiffs unite to enforce a single title or right, in which they have a common and undivided interest, it is enough if their interests collectively equal the jurisdictional amount." (quotation marks and citation omitted)).  The Eleventh Circuit has observed that "the presence of a 'common and undivided interest' is rather uncommon, existing only when the defendant owes an obligation to the group of plaintiffs as a group and not to the individuals severally." *Id.*  "[I]f plaintiffs' rights are not affected by the rights of co-plaintiffs, then there can be no aggregation. . . .  In other words, the obligation to the plaintiffs must be a joint one." *Eagle Star Ins. Co. v. Maltes*, 313 F.2d 778, 781 (5th Cir. 1963).

B.    **Analysis**

1.    **Aggregation**

The court turns first to the issue of aggregation.  The Defendants argue that because all four Plaintiffs' claims arise out of a single motor vehicle accident in which they were passengers in a single automobile, the Plaintiffs have a "unified"

interest in recovering from the Defendants such that their claims should be aggregated for purposes of determining the amount in controversy. (Doc. 7 at 3). The court does not agree.  To the extent the Defendants may be liable to the Plaintiffs for the injuries they allegedly suffered in the accident, the Defendants are not liable to the Plaintiffs as a group, but rather to the Plaintiffs severally.  Each Plaintiff has separate and distinct claims based on his or her own injuries.  If all of the Plaintiffs prevail at trial, each Plaintiff will recover the amount of his or her own proven damages, without affecting the rights or recoveries of the other Plaintiffs.  Likewise, if one Plaintiff drops out of the lawsuit or recovers nothing, the rights of the other Plaintiffs will be unaffected.  All, some, or none of the Plaintiffs may ultimately recover damages, independently of one another.[1]

The Defendants also argue that the Plaintiffs' claims should be aggregated because there is "a single insurance policy with a single, aggregate limit of proceeds available to the Plaintiffs." (Doc. 7 at 3).  The insurance policy, however, is not referenced anywhere in the Plaintiffs' complaint and is not the object of their lawsuit.  The Plaintiffs are not contending that the insurance policy constitutes some kind of "common fund" in which they have a unified interest, nor are they seeking distribution of the face amount of the policy (whatever that may be) under

---

[1] The court notes that the Defendants have not identified a single case allowing the aggregation of claims for jurisdictional purposes under similar circumstances as this case—where multiple plaintiffs have filed suit to recover for injuries allegedly sustained in an accident.

a single title or right they hold as a group.  *See Morrison*, 228 F.3d at 1263 ("Plaintiffs in paradigm 'common fund' cases assert claims to a piece of land, a trust fund, an estate, an insurance policy, a lien, or an item of collateral, which they claim as common owners or in which they share a common interest arising under a single title or right." (quoting *Gilman v. BHC Secs., Inc.,* 104 F.3d 1418, 1424 (2d Cir.1997) (internal quotation marks omitted)).  The existence or amount of any available insurance is irrelevant to whether any of the Plaintiffs is entitled to recover damages from the Defendants and, if so, what the amount of those damages may be.

In sum, the Plaintiffs are not asserting a "unified, indivisible interest" in a "common fund."  Each Plaintiff is seeking to recover damages for his or her own alleged injuries resulting from the motor vehicle accident.  Accordingly, the Plaintiffs' claims cannot be aggregated to satisfy the amount-in-controversy threshold.  The claims of at least one Plaintiff must exceed the $75,000.00 threshold; otherwise, there is no diversity jurisdiction in this court.

## 2.    Amount in Controversy

Having examined the Plaintiffs' complaint, the court is not convinced that it is "facially apparent" from the complaint that any Plaintiff's claims exceed the $75,000.00 jurisdictional requirement.  There is, quite simply, insufficient information in the complaint regarding the nature and extent of each Plaintiff's

alleged injuries to allow the court, using its common sense and judicial experience, to conclude that any Plaintiff's claims "more likely than not" exceed $75,000.00.

Based on the court's examination of the complaint, it appears that Plaintiff Rosalind Raspberry suffered more physical injuries in the accident than any of the other Plaintiffs.  The complaint alleges that Rosalind Raspberry suffered three fractured ribs, cervicalgia, cervical sprain/strain, lower back pain, lumbar sprain/strain, injury to her shoulder/upper arm, knee/leg pain, swelling in her knee, muscle spasms, and muscle weakness. (Doc. 1-1at ¶ 25).  However, the complaint says nothing about the extent or seriousness of any of these alleged injuries.[2]  The complaint is silent as to any medical treatment Rosalind Raspberry received for her injuries, how long any such treatment lasted, and what any such treatment has cost in the form of medical expenses.  Notably, there is no allegation that any of her injuries are permanent or that she will require ongoing treatment for any of her injuries.

Similarly, although the complaint alleges generally that Rosalind Raspberry (as well as the other Plaintiffs) has experienced a loss of enjoyment of life and mental anguish as a consequence of the Defendants' alleged conduct, there is nothing in the complaint to enable the court to draw any sort of reasonable

---

[2] Similarly, the complaint says nothing about the extent or seriousness of any of the physical injuries allegedly suffered by the other Plaintiffs.

9

inference about the nature and extent of these non-physical injuries.  The complaint provides no information about how the accident impacted (or is still impacting) her enjoyment of life, what mental anguish she experienced (or is still experiencing), and whether she received (or is still receiving) any mental health or other treatment for her mental anguish.[3]  The court has no way to calculate or estimate the amount of damages that might be awarded to Rosalind Raspberry for her alleged loss of enjoyment of life and mental anguish without engaging in impermissible speculation.  *See Pretka*, 608 F.3d at 753-54 ("[W]ithout facts or specific allegations, the amount in controversy could be 'divined [only] by looking at the stars'—only through speculation—and that is impermissible." (citing *Lowery*, 483 F.3d at 1209, 1215)).

Finally, Rosalind Raspberry (as well as the other Plaintiffs) seeks to recover punitive damages.  While it may not be apparent to a "legal certainty" that she (and the other Plaintiffs) will be unable to recover punitive damages, by the same token "the court cannot say that the claim[] for punitive damages, without a clear picture of the dollar value of compensatory damages, or more facts describing the [D]efendants' alleged conduct, will make this case worth more than $75,000." *Snellgrove v. Goodyear Tire & Rubber Co.*, 2015 WL 235367, *4 (N.D. Ala. 2014) (Hopkins, J.); *compare Blackwell v. Great Am. Fin. Res., Inc.*, 620 F. Supp. 2d

---

[3] The complaint also provides no information about the loss of enjoyment of life and mental anguish allegedly experienced by the other Plaintiffs.

1289, 1291-92 (N.D. Ala. 2009) (Blackburn, C.J.) (finding that the plaintiff's claims for punitive damages were sufficient to establish diversity jurisdiction, where the plaintiff alleged compensatory damages of $23,172.28 and "a punitive award of slightly more than double the compensatory damages would occasion an amount in controversy that exceeds the jurisdictional minimum").  Other than the boilerplate allegation that Mazingo exhibited a "reckless disregard" for the Plaintiffs' safety by "consciously" making a right-hand turn in the path of Rosalind Raspberry's vehicle (doc. 1-1 at ¶ 17), the complaint provides no clue as to the alleged wantonness or recklessness of Mazingo's conduct, such as whether he was exceeding the speed limit.  Coupled with the absence of any information regarding the extent and seriousness of Rosalind Raspberry's injuries and the dollar value of her alleged compensatory damages, the court could do no more than guess as to the value of any punitive damages that might be awarded.

Based on the above, the court finds that the Defendants have not met their burden of establishing by a preponderance of the evidence that Rosalind Raspberry's claims—or, by extension, any other Plaintiff's claims—"more likely than not" exceed the amount-in-controversy threshold of $75,000.00.  Accordingly, the court lacks diversity jurisdiction over the case, which is due to be remanded to the Circuit Court of Jefferson County, Alabama.

### 3.    Fees, Costs, and Expenses

In their motion to remand, the Plaintiffs argue that an award of attorney's fees, costs, and expenses is warranted for the time and expense they have incurred in seeking remand of this action. (Doc. 3 at 14-15).   An order remanding a removed case to state court "may require the payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal."   28 U.S.C. § 1447(c).  The Supreme Court has held that "the standard for awarding fees should turn on the reasonableness of the removal.  Absent unusual circumstances, courts may award fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  Here, although the court has determined that the case is due to be remanded, the court is otherwise satisfied that the Defendants had an objectively reasonable basis for removing the case.  The Plaintiffs' request for fees, costs, and expenses will be denied.

## CONCLUSION

For the foregoing reasons, the Plaintiffs' motion to remand (doc. 3) will be GRANTED except to the extent that the Plaintiffs have requested an award of attorney's fees, costs and expenses.  A separate order remanding the case to the Circuit Court of Jefferson County, Alabama, will be entered.

**DONE** this 21st day of November, 2016.

**JOHN E. OTT**
Chief United States Magistrate Judge